# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 9, 2014

## STATE OF TENNESSEE v. KEVIN M. THOMPSON
## A.K.A. KEVIN M. ALBERT

### Appeal from the Criminal Court for Hamilton County
### Nos. 222104, 222105, 222353, 231805, 205561, 205489    Barry A. Steelman, Judge

---

### No. E2014-01358-CCA-R3-CD - Filed April 1, 2015

---

Defendant, Kevin M. Thompson a.k.a. Kevin M. Albert, appeals from the trial court's summary dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. The State concedes that the trial court erred by summarily dismissing Defendant's motion; however, the State argues that this appeal should be dismissed because Defendant's notice of appeal was untimely filed. Following our review of the parties' briefs, the record, and the applicable law, we waive the timely filing of the notice of appeal. Furthermore, we reverse the trial court's order dismissing the motion and remand for appointment of counsel if Defendant is indigent and for other proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Reversed and Remanded

THOMAS T. WOODALL, P. J., delivered the opinion of the Court, in which ALAN E. GLENN, J., joined. TIMOTHY L. EASTER, J., filed a dissenting opinion.

Kevin M. Thompson, *Pro Se.*

Herbert H. Slatery, III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

*Procedural history*

In March, 1995, Defendant was indicted by the Hamilton County Grand Jury in case number 205488 and 205489 for the sale and delivery of cocaine on December 29, 1994, and in case number 205561 for the sale and delivery of marijuana on December 30, 1994. We note that, for some unknown reason, there are two cases numbers (205488 and 205489) on a single two-count indictment. We will refer to the charges in that indictment as case number 205489, as reflected in the judgment. On January 17, 1996, Defendant signed a petition to enter guilty pleas to: selling cocaine in an amount less than 0.5 grams in case number 205489, in exchange for an agreed upon sentence of four years to be served consecutive to a prior sentence (in case number 196078); and selling marijuana in case number 205561, in exchange for an agreed upon sentence of "1 year Range I concurrent." Judgments reflect that Defendant pleaded guilty: in case number 205489 to the Class C felony offense of sale of cocaine in an amount less than 0.5 grams and received a sentence of four years to be served consecutive to a prior sentence (in case number 196078); and in case number 205561, Defendant pleaded guilty to the Class E felony offense of selling marijuana and received a sentence of one year. In case number 205561, the judgment is silent as to whether Defendant's sentence should run concurrent with or consecutive to his sentence in case number 205489. Likewise, the judgment in case number 205489 is silent as to whether the sentence is to be served consecutive to, or concurrent with the sentence in case number 205561.

In July, 1998, Defendant was indicted by the Hamilton County Grand Jury in case number 222104, for possession of marijuana on March 18, 1998, with intent to sell; in case number 222105, for possession of 0.5 grams or more of cocaine on March 18, 1998, with intent to sell; and in case number 222353, for possession of 0.5 grams or more of cocaine on January 19, 1998, with intent to sell. In February, 2000, Defendant was indicted in case number 231805 for possession of 0.5 grams or more of cocaine on October 26, 1999, with intent to sell. On June 13, 2000, Defendant signed a petition to enter guilty pleas to: possession of marijuana with intent to sell in case number 231805, in exchange for an agreed upon sentence of two years; possession of cocaine with intent to sell in case number 222105, in exchange for an agreed upon sentence of eight years; possession of cocaine with intent to sell in case number 222353, in exchange for an agreed upon sentence of eight years; and possession of cocaine with intent to sell in case number 231805, in exchange of an agreed upon sentence of eight years. The plea agreement states that "[a]ll sentences are concurrent" and were to be served on intensive probation.

Judgments reflect that Defendant pleaded guilty in case number 222104 to the Class E felony offense of possession of marijuana with intent to sell, and he received a sentence of two years to be served on probation; in case number 222105, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation; in case number 222353, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation; and in case number 231805, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation. All four judgments are silent as to whether Defendant's sentences would run concurrent with or consecutive to each other. An amended judgment was subsequently entered in case number 222104. The only difference between the amended judgment and original judgment that we perceive is that the amended judgment requires Defendant to submit a DNA sample, and there is a slight difference in the amount of fines and the dates of Defendant's pretrial jail credits.

On May 22, 2014, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences were illegal because the trial court ordered them to be served concurrently rather than consecutively in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3) and Tennessee Code Annotated section 40-30-111(b). On June 5, 2014, the trial court summarily denied Defendant's motion because Defendant's "sentences have expired . . . , even if one or more of the sentences *were* illegal under T.C.A. § 40[-]30[-]11[1](b) or Tenn. R. Crim. P. 32(c)(3)(C), the Court could not find that one or more of them *are* illegal, as Rule 36.1 requires."

*Analysis*

The State contends that Defendant's appeal should be dismissed because his notice of appeal was untimely filed. An appeal as of right is initiated by filing a notice of appeal within thirty days of the entry of the judgment. Tenn. R. App. P. 3(e) and 4(a). In the case of a *pro se* appellant who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). "Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision." *Id.* The Petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. Tenn. R. App. P. 4(a).

The trial court's order denying Defendant's motion was entered on June 5, 2014. The notice of appeal was filed on July 10, 2014. We note, however, that Defendant is a *pro se*, incarcerated appellant, and his handwritten notice of appeal is dated June 30, 2014. At the

time he drafted his notice of appeal, the filing deadline had not passed. Nothing is in the record that would show Defendant's compliance with Tennessee Rule of Appellate Procedure 20(g). Even if Defendant's July 10, 2014, filing is late, it is only three days late. Thirty days from June 5, 2014, was Saturday, July 5, 2014. The notice did not have to be filed until the next business day, Monday, July 7, 2014. Being at most only three days late, we waive the timely filing of the notice of appeal. *See* Tenn. R. App. P. 4(a).

Defendant filed the motion that is the subject of this appeal pursuant to Tennessee Rule of Criminal Procedure 36.1 on May 22, 2014. In the motion, Defendant argued that by aligning his sentences concurrently, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) because he was released on bail in case number 205489 when he committed the offense in case number 205561. He also alleges that he committed the offense in case number 231805 while he was on bail for the offenses in case numbers 222104, 222105, and 222353. He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c) mandate consecutive sentences when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses. As noted above, the trial court summarily dismissed Defendant's Rule 36.1 motion.

In 2012, the Tennessee Supreme Court promulgated and adopted Rule 36.1, which was ratified and approved by the Tennessee General Assembly and became effective on July 1, 2013. The rule provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.

The legislature also approved a proposed amendment to Tennessee Rule of Appellate Procedure 3(b) to provide both the State and a defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence. Pursuant to Rule 36.1, an appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App., Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," this court has adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

On appeal, the State agrees that the trial court erred by summarily dismissing Defendant's motion without appointing counsel. The State concedes that Defendant presented a colorable claim for relief from an illegal sentence because Defendant alleges: (1) that he committed the felony offense in case number 205561 while he was on bail for the offense in case number 205489; and (2) because Defendant alleges that he committed the felony offense in case number 231805 while he was on bail for the offenses in case numbers 222104, 222105, and 222353. We agree with the State. Defendant stated a colorable claim. Rule 36.1, by its explicit terms, states that a defendant may "at any time" seek correction of an illegal sentence. The trial court's analysis that Rule 36.1 is not applicable because the sentences have expired is misplaced. First, the rule does not exempt its applicability to "expired" sentences. Second, if the facts are as alleged by Defendant, the sentences for two of his convictions, which were supposed to be served consecutive to rather than concurrent with other sentences, have never been served; therefore, they could not have expired.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings in compliance with all the provisions of Tennessee Rule of Criminal Procedure 36.1.

_____

THOMAS T. WOODALL, PRESIDING JUDGE